Michael T. Zoppo
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor
New York, NY 10036
Phone (212) 765-5070
zoppo@fr.com

*Attorneys for Plaintiff Six Continents Hotels, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIX CONTINENTS HOTELS, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>BALDWIN EQUITIES GROUP LLC<br><br>*Defendant*. | Civil Action No.  25-cv-17412 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Six Continents Hotels, Inc., having a principal place of business at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346 ("Plaintiff"), by its attorneys, Fish & Richardson P.C., hereby alleges for its Complaint against Defendant Baldwin Equities Group LLC, having a principal place of business at 810 Broad Street, Newark, New Jersey 07102 ("Baldwin") as follows:

## NATURE OF THE ACTION

1.      This case concerns the blatant infringement by Baldwin of Plaintiff's well-known trademark and hotel brand HOTEL INDIGO, which Plaintiff has used with hotel and related services, including without limitation temporary accommodation, hotel management and consulting services, and hotel franchising services, for over twenty years.

2.    Plaintiff, part of the IHG Hotels & Resorts group of companies ("IHG"), owns some of the most trusted and recognizable hotel brands in the world, including the HOTEL INDIGO brand, and owns or operates, directly or through authorized licensees, HOTEL INDIGO branded properties throughout the world. Plaintiff's licensee operated a HOTEL INDIGO location at 810 Broad Street, Newark, New Jersey 07102 (the "Broad Street Property") from 2014 to 2020. The Broad Street Property was only one of numerous HOTEL INDIGO locations in the surrounding area, including locations in New York City (HOTEL INDIGO Lower East Side, HOTEL INDIGO Financial District, and HOTEL INDIGO Wall Street), Brooklyn (HOTEL INDIGO Williamsburg), Flushing (HOTEL INDIGO Flushing), and on Long Island (HOTEL INDIGO Long Island – East End), all of which are less than 100 miles from Newark.

3.    Defendant Baldwin is a real estate developer in Newark. Baldwin purchased the Broad Street Property in 2022 and developed an apartment building that it named the "Indigo Residence." Baldwin's name selection was obviously no coincidence—in fact, the former operation of a HOTEL INDIGO at the Broad Street Property is a frequent subject of Baldwin's marketing for the "Indigo Residence."



4.    To compound this confusion, Baldwin uses at least the following two photos of the property bearing Plaintiff's HOTEL INDIGO branding on its official website:

 

5.     This is particularly troublesome when considering that IHG also offers residential units under its luxury and lifestyle hotel brands. These offerings allow individuals to live in certain premium, branded locations while experiencing the benefits of hotel amenities.

6.     The blatant use of Plaintiff's well-known and federally registered HOTEL INDIGO trademark to promote highly related and competitive services in a location formerly operated by Plaintiff's licensee under the HOTEL INDIGO mark is a clear-cut case of trademark infringement, false designation of origin, and unfair competition. Baldwin's use of the "Indigo Residence" name is likely to confuse consumers as to the source, origin, affiliation, and/or sponsorship of the residential, property management, and related services. This infringement damages Plaintiff and its hard-earned goodwill in the HOTEL INDIGO brand.

## PARTIES

7.    Six Continents Hotels, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346.

8.    On information and belief, Defendant Baldwin Equities Group, LLC is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 810 Broad Street, Newark, New Jersey 07102.

## JURISDICTION AND VENUE

9.    This civil action seeks damages, injunctive relief, and other equitable relief under the trademark laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") and under corresponding state and common law claims.

10.    This Court has subject matter jurisdiction at least under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

11.    This Court also has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because (i) there is complete diversity amongst the parties, as Plaintiff is a resident of Delaware and Baldwin is a resident of New Jersey, and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.    This Court has personal jurisdiction over Baldwin because New Jersey is Baldwin's state of organization and the state in which it maintains its principal place of business.

13.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Baldwin resides and is subject to personal jurisdiction with respect to this action in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

### Plaintiff and its Well-Known and Distinctive HOTEL INDIGO Brand

14.     Plaintiff, together with its related IHG companies, is part of one of the world's largest and most well-known hotel groups, serving millions of guests each year through a portfolio of twenty brands offering a combined 1,011,000 guest rooms around the world.

15.     Plaintiff and its related entities have developed some of the most recognizable and trusted hotel brands in the world, including the HOTEL INDIGO brand. To date, there are over 300 HOTEL INDIGO locations open or in the pipeline in around 45 countries on six continents.

16.     Plaintiff has used its HOTEL INDIGO trademark in connection with hotel services since at least as early as October 22, 2004, when it opened the first HOTEL INDIGO location in Atlanta, Georgia.

17.     At each of its HOTEL INDIGO locations, Plaintiff or its affiliates or licensees host guests in heavily curated and upscale environments reflecting the vibrant character of the neighborhoods around them. While each HOTEL INDIGO location is unique in appearance and style, they are tied together through their focus on integrating themselves into the spirit of the surrounding community and offering guests individualized experiences.

18.     To protect its valuable brand, IHG has registered several standard character and stylized trademarks comprised of or containing the HOTEL INDIGO trademark, including:

| Reg. No. | Trademark | Reg. Date | Services |
|---|---|---|---|
| 2953309 | HOTEL INDIGO | May 17, 2005 | 43: Hotel services |
| 6278454 | **HOTEL INDIGO** | Feb. 23, 2021 | 43: Hotel services, motel services, provision of temporary accommodation; temporary accommodation services; reservation services for hotel accommodation and for other temporary accommodation; holiday information and planning relating to |
| 6464068 | **HOTEL INDIGO** | Aug. 24, 2021 | |

| | | | accommodation, namely, information services in the field of planning for temporary vacation accommodations; bar services and cocktail lounge rendered in a hotel; café services rendered in a hotel, restaurant and snack bar services rendered in a hotel; catering services rendered in a hotel for the provision of food and drink; provision of conference, meeting and exhibition facilities; hotel check-in and check-out services; electronic information services relating to hotels; advisory and consultancy services relating to the aforesaid |
|---|---|---|---|
| 6458714 | HOTEL INDIGO | Aug. 24, 2021 | 35: Business advisory services in the field of hotel management, operations, and franchising; franchise services, namely, offering business management assistance in the establishment and operation of hotels; hotel management for others; offering business management assistance in the establishment and/or operation of hotels |
| 3934936 | hotel INDIGO | March 22, 2011 | 43: Hotel services |
| 3929099 | hotel INDIGO | March 8, 2011 | 43: Hotel services |
| 3424795 | hotel INDIGO | May 6, 2008 | 43: Restaurant services rendered in a hotel |

True and correct copies of the records from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") system are attached as Exhibit A. Together, Plaintiff's common law rights in and federal trademark registrations for the above marks are referred to as the "HOTEL INDIGO Marks."

19.     IHG manages, franchises, and/or operates numerous HOTEL INDIGO locations in the area surrounding Newark, New Jersey. For example, there are HOTEL INDIGO properties in New York City (HOTEL INDIGO Lower East Side, HOTEL INDIGO Financial District, and HOTEL INDIGO Wall Street), Brooklyn (HOTEL INDIGO Williamsburg), Flushing (HOTEL INDIGO Flushing), and on Long Island (HOTEL INDIGO Long Island – East End), all of which are less than 100 miles from Newark.

20.     Plaintiff's licensee operated a HOTEL INDIGO location in Newark at the Broad Street Property from December 2014 to March 2020, when it suspended operations during the COVID-19 pandemic. This location featured 108 guest rooms and an upscale restaurant.

<u>Defendant Baldwin and its Infringement of the HOTEL INDIGO Trademark</u>

21.     Defendant Baldwin acquired the Broad Street Property, the former location of Plaintiff's HOTEL INDIGO in Newark, in February 2022.

22.     Baldwin converted the former HOTEL INDIGO location into a 100-unit apartment building with an upscale restaurant and rooftop lounge. Upon information and belief, Baldwin completed the project in Summer 2023, began pre-leasing units in May 2024, and officially opened the building in September 2024.

23.     Baldwin named this development "Indigo Residence."

24.     The "Indigo Residence" name was not a coincidence. Rather, the fact that Indigo Residence was once a HOTEL INDIGO location is a cornerstone of Baldwin's marketing. Throughout its website and in press releases, Baldwin refers to "Indigo Residence" as a "Hotel Indigo conversion" that offers "residents an opportunity to enjoy all the luxuries of a hotel in a residential setting." Baldwin further advertises that "[t]he hotel rooms have been converted to furnished studio apartments with state-of-the-art, custom, Italian furniture including murphy beds

that transform the apartment from a bedroom to a living room or office." A copy of Defendant Baldwin's website advertising Indigo Residence is attached as <u>Exhibit B</u>.

25.     Baldwin's website promoting Indigo Residence features at least two photos of the property bearing Plaintiff's HOTEL INDIGO branding. *See id*.

26.     Baldwin also published a social media post on at least two of its social media accounts featuring a photo of the property bearing Plaintiff's HOTEL INDIGO branding and informing users that the property was formerly a HOTEL INDIGO location:





Copies of these social media posts are attached as Exhibit C.

27.    Baldwin goes out of its way to advertise Indigo Residence as a luxury hotel boasting desirable perks and amenities. In fact, Baldwin heavily promotes Indigo Residence as offering "[h]otel-like living" and featuring "[h]otel [s]ervices," including a doorman, a self-service minimarket, a rooftop deck, an on-site bar and restaurant, a fitness center, a wellness spa, a business center, a movie theater, conference rooms, hotel concierge services (such as laundry, cleaning, and food services), a spa, and a fitness center. *See* Exhibit B and Exhibit D (social media posts).



28.     Baldwin often refers to the property as simply "Indigo," dropping the additional term "Residence." Copies of relevant social media posts are attached as Exhibit E.

29.     Baldwin has rented out units to guests for short-term stays, just like a hotel, through services such as Airbnb, leading guests to refer to the property as a "hotel," as demonstrated in the following Google reviews:



Full copies of these Google reviews are attached as Exhibit F. In short, while Baldwin may refer to "Indigo Residence" as a residential building, it is operating it, at least in part, as a hotel offering temporary accommodation to guests.

30.     Baldwin's marketing of Indigo Residence incorporates other integral facets of the HOTEL INDIGO brand. Mirroring Plaintiff's commitment to individuality, Baldwin promotes Indigo Residence as a community that "complements your lifestyle and individual preferences." See Exhibit G.

31.     Concerned by Baldwin's blatant use of Plaintiff's goodwill to promote its own services, Plaintiff sent Baldwin a cease-and-desist letter on April 25, 2025. Plaintiff's representative spoke with Baldwin's principal by phone on May 7, 2025. Despite Plaintiff's

concerns, Baldwin's representative would not agree to cease use of INDIGO and promised a follow-up after consulting with counsel. To date, no one from Baldwin has reached back out to Plaintiff.

32.    With actual knowledge of Plaintiff's rights in the HOTEL INDIGO Marks, Baldwin continues to operate its property at the Broad Street Property under INDIGO and INDIGO RESIDENCE.

## COUNT I
## Federal Trademark Infringement
## (15 U.S.C. § 1114(1))

33.    Plaintiff re-alleges each of the allegations in the paragraphs 1 through 32 as if fully stated herein.

34.    Plaintiff owns the HOTEL INDIGO Marks in connection with hotel, hospitality, temporary accommodation, and related property management services.

35.    The federal trademark registrations for the HOTEL INDIGO Marks, some of which are incontestable, are in full force and effect. Plaintiff owns all right, title, and interest in and to these federal trademark registrations.

36.    The HOTEL INDIGO Marks are inherently distinctive and have acquired significant goodwill in the marketplace through Plaintiff's continuous and substantially exclusive use of those marks in commerce. As a result of their widespread and continuous use, the HOTEL INDIGO Marks have become uniquely associated in the minds of consumers and the trade with Plaintiff.

37.    The reputation Plaintiff has built in the HOTEL INDIGO Marks is of great value to Plaintiff.

38. Plaintiff's use of and rights in the HOTEL INDIGO Marks predate any use by Baldwin of INDIGO and/or INDIGO RESIDENCE.

39. Baldwin is wrongfully using INDIGO and INDIGO RESIDENCE as the name of the Broad Street Property and as a source identifier in interstate commerce in connection with the sale, offering for sale, and advertising of its real estate leasing, property management, temporary accommodation, and hospitality services, including on-site at the Broad Street Property formerly occupied by a HOTEL INDIGO location, and on its website, in press releases, and on its social media accounts.

40. Baldwin's use of INDIGO and INDIGO RESIDENCE was and is without Plaintiff's consent. Such unauthorized use by Baldwin is likely to confuse consumers as to the origin, sponsorship, endorsement, or affiliation of Baldwin's goods and services, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41. Baldwin's unlawful acts, which were committed and continue to be committed with full knowledge of Plaintiff's prior, registered rights in the HOTEL INDIGO Marks, are knowing, willful, and done in bad faith.

42. Baldwin's acts have caused and, unless enjoined by this Court pursuant to 15 U.S.C. § 1116, will continue to cause, great harm and irreparable injury to Plaintiff for which it has no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks with Plaintiff.

43. Plaintiff is entitled to injunctive relief prohibiting Baldwin from using INDIGO, INDIGO RESIDENCE, and any other mark confusingly similar to the HOTEL INDIGO Marks.

44.    Upon information and belief, Baldwin has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under INDIGO and INDIGO RESIDENCE, and has caused Plaintiff monetary damage in an amount to be determined at trial.

## COUNT II
## False Designation of Origin
## (15 U.S.C. § 1125(a))

45.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 32 as if fully stated herein.

46.    Plaintiff owns the distinctive HOTEL INDIGO Marks in connection with hotel, hospitality, temporary accommodation, and related property management services through its continuous and substantially exclusive use of the marks since at least as early as October 2004, which is well before any use of INDIGO or INDIGO RESIDENCE by Baldwin.

47.    Plaintiff's common law rights in the HOTEL INDIGO Marks predate Baldwin's infringing use of INDIGO and INDIGO RESIDENCE and any other confusingly similar name or mark comprised of or containing "INDIGO".

48.    Baldwin is using INDIGO and INDIGO RESIDENCE as source identifiers in interstate commerce in connection with the sale, offering for sale, and advertising of its real estate leasing, property management, temporary accommodation, and hospitality services, including at the Broad Street Property formerly occupied by a HOTEL INDIGO location and in promotional materials on Baldwin's website, in press releases, and on its social media accounts.

49.    Baldwin's actions described above constitute use of a false designation of origin which wrongfully and falsely designates the origin of Baldwin's goods and services and is likely to cause confusion or mistake and/or to deceive as to affiliation, connection, or association among and between the parties, or as to the origin, sponsorship, or approval of Baldwin's goods and

services by Plaintiff. As such, these actions constitute a false designation of origin in interstate commerce in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

50.    Baldwin's unlawful acts, which were committed and continue to be committed with full knowledge of Plaintiff's prior rights in the HOTEL INDIGO Marks, are knowing, willful, and done in bad faith.

51.    Baldwin's acts have caused and, unless enjoined by this Court pursuant to 15 U.S.C. § 1116, will continue to cause, great harm and irreparable injury to Plaintiff for which it has no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks with Plaintiff.

52.    Plaintiff is entitled to injunctive relief prohibiting Baldwin from using INDIGO and INDIGO RESIDENCE or any other mark confusingly similar to the HOTEL INDIGO Marks.

53.    Upon information and belief, Baldwin has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under INDIGO and INDIGO RESIDENCE, and has caused Plaintiff monetary damage in an amount to be determined at trial.

**COUNT III**
**New Jersey Trademark Infringement**
**(N.J.S.A. 56:3-13.16)**

54.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 32 as if fully stated herein.

55.    As described above, Plaintiff owns federally-registered and common law rights in the distinctive HOTEL INDIGO Marks in connection with hotel, hospitality, temporary accommodation, and related property management services through its continuous use of the marks since at least as early October 2004 and, in New Jersey specifically, December 2014, both of which are well prior to any use of INDIGO or INDIGO RESIDENCE by Baldwin.

56.    Baldwin is using INDIGO and INDIGO RESIDENCE as source identifiers in interstate commerce, and in the State of New Jersey, in connection with the sale, offering for sale, and advertising of its real estate leasing, property management, temporary accommodation, and hospitality services, including at the Broad Street Property formerly occupied by a HOTEL INDIGO location and in promotional materials on Baldwin's website, in press releases, and on its social media accounts.

57.    Baldwin's use of INDIGO and INDIGO RESIDENCE was and is without Plaintiff's consent. Such unauthorized use by Baldwin is likely to confuse consumers in New Jersey as to the origin, sponsorship, endorsement, or affiliation of Baldwin's goods and services. As such, Baldwin's acts constitute trademark infringement under New Jersey law.

58.    Baldwin's unlawful acts, which were committed and continue to be committed with full knowledge of Plaintiff's prior common law rights in the HOTEL INDIGO Marks and prominent presence in the Newark, New Jersey market, are knowing, willful, and done in bad faith.

59.    Baldwin's acts have caused and, unless enjoined by this Court, will continue to cause, great harm and irreparable injury to Plaintiff for which it has no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks with Plaintiff.

60.    Plaintiff is entitled to injunctive relief prohibiting Baldwin from using INDIGO and INDIGO RESIDENCE or any other mark confusingly similar to the HOTEL INDIGO Marks.

61.    Upon information and belief, Baldwin has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under INDIGO and INDIGO RESIDENCE, and has caused Plaintiff monetary damage in an amount to be determined at trial.

## COUNT IV
### New Jersey Unfair Competition
### (N.J.S.A. 56:4-1)

62.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 32 as if fully stated herein.

63.    As described above, Plaintiff owns the distinctive HOTEL INDIGO Marks in connection with hotel, hospitality, temporary accommodation, and related property management services through its continuous use of the marks since at least as early October 2004 and, in New Jersey specifically, December 2014, both of which are well prior to any use of INDIGO or INDIGO RESIDENCE by Baldwin.

64.    Plaintiff's common law rights in the HOTEL INDIGO Marks predate Baldwin's infringing use of INDIGO and/or INDIGO RESIDENCE and other confusingly similar marks comprised of or containing "INDIGO".

65.    Baldwin is using INDIGO and INDIGO RESIDENCE as source identifiers in interstate commerce, and in the State of New Jersey, in connection with the sale, offering for sale, and advertising of its real estate leasing, property management, temporary accommodation, and hospitality services, including at the Broad Street Property formerly occupied by a HOTEL INDIGO location and in promotional materials on Baldwin's website, in press releases, and on its social media accounts.

66.    Baldwin's use of INDIGO and INDIGO RESIDENCE was and is without Plaintiff's consent. Such unauthorized use by Baldwin is likely to confuse consumers in New Jersey as to the origin, sponsorship, endorsement, or affiliation of Baldwin's goods and services. As such, Baldwin's acts constitute trademark infringement and unfair competition under New Jersey law.

67.    Baldwin's acts constitute appropriation of the HOTEL INDIGO Marks for use with its closely related services.

68.    Baldwin's unlawful acts, which were committed and continue to be committed with full knowledge of Plaintiff's prior common law rights in the HOTEL INDIGO Marks and prominent presence in the Newark, New Jersey market, are knowing, willful, and done in bad faith.

69.    Baldwin's acts have caused and, unless enjoined by this Court, will continue to cause, great harm and irreparable injury to Plaintiff for which it has no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks with Plaintiff.

70.    Plaintiff is entitled to injunctive relief prohibiting Baldwin from using INDIGO and INDIGO RESIDENCE or any other mark confusingly similar to the HOTEL INDIGO Marks.

71.    Upon information and belief, Baldwin has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under INDIGO and INDIGO RESIDENCE, and has caused Plaintiff monetary damage in an amount to be determined at trial.

## COUNT V
### Common Law Trademark Infringement and Unfair Competition

72.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 32 as if fully stated herein.

73.    As described above, Plaintiff owns the distinctive HOTEL INDIGO Marks in connection with hotel, hospitality, and related property management services through its continuous use of the marks since at least as early October 2004 and, in New Jersey specifically, December 2014, both of which are well prior to any use of INDIGO or INDIGO RESIDENCE by Baldwin.

74.     Plaintiff's common law rights in the HOTEL INDIGO Marks predate Baldwin's infringing use of INDIGO and/or INDIGO RESIDENCE and other confusingly similar marks comprised of or containing "INDIGO".

75.     Baldwin is using INDIGO and INDIGO RESIDENCE as source identifiers in interstate commerce, and in the State of New Jersey, in connection with the sale, offering for sale, and advertising of its real estate leasing, property management, and hospitality services, including at the Broad Street Property formerly occupied by a HOTEL INDIGO location and in promotional materials on Baldwin's website, in press releases, and on its social media accounts.

76.     Baldwin's use of INDIGO and INDIGO RESIDENCE was and is without Plaintiff's consent. Such unauthorized use by Baldwin is likely to confuse consumers in New Jersey as to the origin, sponsorship, endorsement, or affiliation of Baldwin's goods and services. As such, Baldwin's acts constitute trademark infringement and unfair competition under New Jersey law.

77.     Baldwin's unlawful acts, which were committed and continue to be committed with full knowledge of Plaintiff's prior common law rights in the HOTEL INDIGO Marks and prominent presence in the Newark, New Jersey market, are knowing, willful, and done in bad faith.

78.     Baldwin's acts have caused and, unless enjoined by this Court, will continue to cause, great harm and irreparable injury to Plaintiff for which it has no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks with Plaintiff.

79.     Plaintiff is entitled to injunctive relief prohibiting Baldwin from using INDIGO and INDIGO RESIDENCE or any other mark confusingly similar to the HOTEL INDIGO Marks.

80.    Upon information and belief, Baldwin has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under INDIGO and INDIGO RESIDENCE, and has caused Plaintiff monetary damage in an amount to be determined at trial.

## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully prays that this Court enter judgment in its favor and against Baldwin as follows:

A.    That the Court enter judgment in favor of Plaintiff, including injunctive relief, and against Baldwin, on all claims for relief asserted in this Complaint;

B.    That the Court enter judgment determining that Baldwin willfully infringed Plaintiff's registered HOTEL INDIGO Marks in violation of the Lanham Act, 15 U.S.C. § 1114;

C.    That the Court enter judgment determining that Baldwin committed willful acts of false designation of origin through its unauthorized use of the HOTEL INDIGO Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a);

D.    That the Court enter judgment determining that Baldwin willfully infringed Plaintiff's HOTEL INDIGO Marks under the New Jersey statute, N.J.S.A. § 56:3-13.16;

E.    That the Court enter judgment determining that Baldwin wrongfully appropriated Plaintiff's HOTEL INDIGO Marks under the New Jersey statute, N.J.S.A. § 56:4-1;

F.    That the Court enter judgment determining that Baldwin willfully infringed Plaintiff's HOTEL INDIGO Marks and committed unfair competition under New Jersey common law;

G.    That the Court grant an injunction permanently enjoining and restraining Baldwin, its officers, agents, servants, employees, attorneys, and all persons acting for, by, through, or under Baldwin, or in concert with Baldwin, from doing the following:

a. Using the term "INDIGO" (or any similar or derivative term including any INDIGO-formative term) in association with real estate leasing, property management, hotel, or hospitality services, including in advertising or promotional material for the same or in domain names;

b. Using the term "INDIGO" (or any similar or derivative term including any INDIGO-formative term) in any other manner that creates confusion or is likely to create confusion with Plaintiff's HOTEL INDIGO Marks;

c. Using the term "INDIGO" (or any similar or derivative term including any INDIGO-formative term) which in any way constitutes unfair competition with Plaintiff; and

d. Registering or applying to register any trademark, service mark, domain name, or other source identifier or symbol of origin consisting of or incorporating the term "INDIGO" or any other similar or derivative term that infringes or is likely to be confused with the HOTEL INDIGO Marks, including any INDIGO-formative term.

H. Consistent with Paragraph (E) above, that the Court order Baldwin to:

a. Remove from display any advertisements and marketing, promotional, or sales materials comprising, bearing, or displaying the term "INDIGO" or any similar or derivative term that infringes or is likely to be confused with the HOTEL INDIGO Marks, including any INDIGO-formative term, including from all Internet webpages and social media accounts within Baldwin's custody or control;

      b.      Deliver to the Court for destruction, or to show proof of destruction of, any and all physical advertisements and marketing, promotional materials, and sales materials comprising, bearing, or displaying the term "INDIGO" or any similar or derivative term that infringes or is likely to be confused with the HOTEL INDIGO Marks, including any INDIGO-formative term, including all signage; and

      c.      Cancel the registration of any domain names comprising or consisting of the term "INDIGO" or any confusingly similar term, including www.indigoresidence.com.

I.      That the Court issue an order directing Baldwin to file with the Court and serve on Plaintiff within thirty (30) days after service on Baldwin of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Baldwin has complied with the injunction;

J.      That the Court award to Plaintiff monetary relief in an amount to be fixed by the Court in its discretion as just, including:

      a.      All profits received by Baldwin from sales and revenues of any kind made as a result of its trademark infringement and unfair competition; and

      b.      All damages sustained by Plaintiff as a result of Baldwin's infringement and unfair competition, including ascertainable damages, the costs incurred by Plaintiff for corrective advertising, the costs for this action, and Plaintiff's reasonable attorneys' fees.

K.      That the Court declare this an exceptional case in light of Baldwin's knowing and willful infringement of the HOTEL INDIGO Marks;

L.      That Plaintiff's damages be trebled under 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:3-13.16(d);

M.      That the Court award to Plaintiff pre-judgment and post-judgment interest on all damages awarded, as permitted by law; and

N.      That the Court award to Plaintiff all other relief as this Court considers just and proper.

Dated:  November 13, 2025                    FISH & RICHARDSON P.C.

                                    By:     */s/ Michael T. Zoppo*
                                            Michael T. Zoppo
                                            Kristen McCallion (*pro hac vice forthcoming*)
                                            **FISH & RICHARDSON P.C.**
                                            7 Times Square, 20th Floor
                                            New York, NY 10036
                                            (212) 765-5070
                                            zoppo@fr.com
                                            mccallion@fr.com

                                            Nathan C. Ranns (*pro hac vice forthcoming*)
                                            **FISH & RICHARDSON P.C.**
                                            1000 Maine Ave. SW
                                            Washington, DC 20024
                                            (202) 783-5070
                                            ranns@fr.com

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **SIX CONTINENTS HOTELS, INC.**